Eric J. Shimanoff (ejs@cll.com)
Mark Montague (mxm@cll.com)
COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, NY 10036
(212) 790-9200
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

WINE ENTHUSIAST, INC.,                              :        Civil Action No.

                 Plaintiff,             :

       -against-                                 :        **<u>COMPLAINT</u>**

VINOTEMP INTERNATIONAL CORPORATION,     :

               Defendant.           :        **JURY TRIAL DEMANDED**

                           :
------------------------------------------------------------- x

Plaintiff Wine Enthusiast, Inc. ("Wine Enthusiast" or "Plaintiff"), by and through its undersigned counsel, as and for its Complaint against Defendant Vinotemp International Corporation ("Vinotemp" or "Defendant"), alleges as follows:

<u>**NATURE OF THE ACTION**</u>

1.      This is a declaratory judgment action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et. seq.*, the Trademark Act, 15 U.S.C. §§ 1051 *et seq*. and the Patent Act, 35 U.S.C. § 1, *et seq*.

2.      In a bad faith attempt to stifle legitimate competition in the wine storage industry, Defendant Vinotemp has alleged that Wine Enthusiast's marketing, advertising, distribution and sale of standard rectangular-shaped wine refrigerators with framed glass doors and black shelf fronts infringes Vinotemp's purported trade dress and design patent rights.  Vinotemp's claims are without merit.

3.     Vinotemp has no federal trade dress registration, nor can it establish that it has any trade dress rights in common-place, ubiquitous design features and colors of wine storage systems manufactured, marketed, advertised, distributed and sold for years by numerous companies.  Additionally, there can be no likelihood of confusion between Vinotemp's alleged trade dress and Wine Enthusiast's wine refrigerators given their obvious dissimilarities and the marketplace conditions under which they are sold.  As such, Wine Enthusiast seeks declarations that Vinotemp lacks any protectable trade dress rights in its wine storage systems and that Wine Enthusiast's wine refrigerators are not confusingly similar to and do not infringe any of Vinotemp's purported trade dress rights.

4.     While Vinotemp obtained U.S. Design Patent No. D711,936 ("the D936 Patent") for a specific ornamental design for a black wine rack shelf front, the shelf faces of Wine Enthusiast's wine refrigerators are plainly dissimilar from the design claimed in the D936 Patent, especially in light of the prior art disclosing other black wine rack faces.  Moreover, the existence of such prior art years before Vinotemp filed its patent application warrants invalidation of the D936 Patent.  Wine Enthusiast thus seeks declarations that Wine Enthusiast has not infringed the D936 Patent and that the D936 Patent is invalid under the Patent Act.

## THE PARTIES

5.     Plaintiff Wine Enthusiast is a corporation organized and existing under the laws of the State of New York, with offices located at 200 Summit Lake Drive, 4th Floor, Valhalla, NY 10595.

6.     Upon information and belief, Defendant Vinotemp is a corporation organized and existing under the laws of the State of California, with offices located at 16782 Von Karman Avenue, Suite 15, Irvine, CA 92606 and 17621 South Susana Road, Rancho Dominguez, CA

27722/004/2326008

90221, and regularly does and/or transacts business within this judicial District.

## JURISDICTION AND VENUE

7.      This action arises under the Trademark and Patent Laws of the United States, 15 U.S.C. §§ 1051 *et seq*. and  35 U.S.C. §§ 1 *et seq*., and seeks a specific remedy based upon the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## FACTS

9.      Husband and wife Adam and Sybil Strum founded Wine Enthusiast over 30 years ago.  Lovers of all things related to wine, the Strums started a wine accoutrement catalog out of the attic of their New York City suburban home in the early-1980s.  From that small room, Wine Enthusiast has grown into a world-renowned marketer, advertiser, distributor and seller of wine storage systems, wine accessories and related goods and services.

10.      Since 2012, Wine Enthusiast has marketed, advertised, distributed and sold the "Evolution" series of wine refrigerators, examples of which are shown in **Exhibit A** hereto and below:

 

11.     Like myriad wine storage systems marketed for years by Wine Enthusiast and numerous third parties, Wine Enthusiast's Evolution series wine refrigerators are rectangular in shape and feature a framed glass front door.  The Evolution series wine refrigerators originally were offered with natural wood shelf fronts.  Subsequently, Wine Enthusiast began marketing the Evolution series wine refrigerators with optional black metal shelf fronts, as shown below:

     

12.     As shown in the below enlarged images, each black shelf front of Wine Enthusiast's Evolution series wine refrigerators:

(a)     Has a height approximately two times its depth, creating a block-like appearance;

(b)     Attaches to the shelf approximately three-quarters of the way down from its top;

(c)     Attaches to the shelf only at one linear point on the shelf bottom;

(d)     Does not attach to the shelf sides; and

(e)     Covers no part of the top of the shelf to which it is attached.

27722/004/2326008





13.     Upon information and belief, black shelf fronts in various shapes, textures and materials are and have been for decades a common feature of numerous third party rectangular wine storage systems, including several with framed glass doors.  For example, and without limitation, upon information and belief:

(a)     As far back as 1996, EuroCave manufactured, marketed, advertised, distributed and sold the EuroCave 140 wine refrigerator, which contained black shelf fronts and was offered in a framed glass door, as shown below:



(b)    Since at least as early as 2011, U-Line has manufactured, marketed, advertised, distributed and sold the U-Line Wine Captain series wine refrigerators, which contain black shelf fronts and a framed glass door, as shown below:



(c)  In 2000, EuroCave introduced the Millennium wine cellar, which contained black shelf fronts, as shown below:

 

(d)  Since at least as early as 2013, EuroCave has manufactured, marketed, advertised, distributed and sold the Revelation series wine refrigerators, which contain black shelf fronts and a framed glass door, as shown below:

 

14.     Upon information and belief, for decades, numerous third parties have manufactured, marketed, distributed and sold rectangular wine refrigerators with framed glass doors featuring graphite, stainless steel or other dark colored shelf fronts that appear black when viewed through the framed glass door.

15.     Wine Enthusiast's Evolution series wine refrigerators are marketed, advertised, distributed and sold under and in connection with Wine Enthusiast's well-known WINE ENTHUSIAST trademark, including in stylized forms as shown below:





16.     Upon information and belief, Defendant Vinotemp is a manufacturer of wine storage systems, including wine cellars, wine cabinets, wine racks and wine coolers.  Vinotemp's wine coolers come in various shapes, sizes, colors and finishes, examples of which are shown in **Exhibit B** hereto and below:



17.    Upon information and belief, all of Vinotemp's wine coolers are branded with and/or marketed in connection with Vinotemp's VINOTEMP trademark and stylized logo shown below:

*Vinotemp.*

18.    None of Vinotemp's wine coolers have a distinctive design and consumers do not associate any such design exclusively with Vinotemp.  Nor are there any consistent distinct design features across Vinotemp's lines of wine coolers.

19.    Vinotemp is the owner of U.S. Design Patent No. D711,936, filed on February 8, 2013 and issued on August 26, 2014.  A true and correct copy of the D936 Patent is attached hereto as **Exhibit C**.

20.    The D936 Patent claims protection over "the ornamental design for a black wine

rack face, as shown and described" in the D936 Patent.

    21.    The claim in the D936 Patent is limited to the precise figures drawn in the patent (excluding dashed lines), as shown in solid black in the patent and replicated below:



FIG. 1

FIG. 2

FIG. 3

FIG. 4



*FIG. 5*



*FIG. 6*



*FIG. 7*

22.     The D936 Patent essentially claims a black wine shelf front that:

(a)     Has a height approximately six times its depth, creating a very thin stick-like appearance;

(b)     Attaches flush with the bottom of the shelf to which it is attached;

(c)     Curves significantly at the top – like an upside-down "J";

(d)     Attaches to the shelf sides in two places (at the top and bottom);

(e)     Does not attach to the bottom of the shelf; and

(f)     Covers part of the top of the shelf sides to which it is attached.

23.     These attributes are clearly demonstrated by, among other things, the left side view of the shelf face shown in figure 5 in the D936 Patent, highlighted below for convenience:



24.     Although Vinotemp has no protection over the design denoted by dashed dotted lines in the D936 Patent, the claimed design in black and any claim of infringement thereof must be analyzed in the environment in which the design appears.  Thus, although the sides of the shelf are not claimed as part of the D936 Patent, the front shelf design that is claimed in the Patent can only obtain its claimed novelty (such as looping over the top of the shelf but not at the bottom) when attached to the remaining part of the shelf.

25.     On or about July 31, 2017, counsel for Vinotemp sent a demand letter (the "Demand Letter") to Wine Enthusiast, claiming that Wine Enthusiast's marketing and sale of the Evolution series wine refrigerator infringed Vinotemp's rights in the D936 Patent and purported trade dress rights in the design of its wine refrigerators.  The Demand Letter demanded that Wine Enthusiast cease all sales of its Evolution series wine refrigerators with black shelf fronts and pay damages to Vinotemp under the Patent and Trademark Acts.  The Demand Letter specifically threatened that Vinotemp would file a federal lawsuit against Wine Enthusiast should Wine Enthusiast not comply with Vinotemp's demands.  A true and correct copy of Vinotemp's July 31, 2017 Demand Letter is attached hereto as **Exhibit D**.

26.     Wine Enthusiast denies the allegations set forth in the Demand Letter. Specifically, Wine Enthusiast maintains that:

(a)     Vinotemp has no valid trade dress rights in the design of its wine refrigerators;

(b)     There is no likelihood of confusion between Vinotemp's purported trade dress and the design of Wine Enthusiast's Evolution series wine refrigerator;

(c)     Wine Enthusiast has not infringed the D936 Patent; and

(d)     The D936 Patent is invalid.

27.     Vinotemp's allegations of patent and trademark infringement against Wine Enthusiast and Wine Enthusiast's denial thereof have created a substantial, immediate and real controversy between the parties as to the validity and enforceability of Vinotemp's claimed intellectual property rights and non-infringement of Vinotemp's purported trade dress and the D936 Patent.  A valid and justiciable case or controversy thus has arisen and exists between Vinotemp and Wine Enthusiast within the meaning of 28 U.S.C. § 2201.  A judicial determination is necessary to determine Vinotemp's patent and trade dress rights and the issue of non-infringement.  A judgment would serve a useful purpose in settling the legal issues, and a judgment would resolve the controversy and offer relief from uncertainty.

## COUNT I
### (Declaration that Vinotemp Lacks Trade Dress Rights in the Design of its Wine Refrigerators)

28.     Wine Enthusiast repeats and realleges the allegations set forth in each and every one of the foregoing paragraphs with the same force and effect as if set forth fully herein.

29.     Vinotemp alleges in its Demand Letter that Vinotemp has trade dress rights in some unspecified design of one or more of its wine refrigerators.

30.     Vinotemp does not have a federal trademark registration for its claimed trade

dress.  Thus, Vinotemp has the burden: (1) to identify its unregistered trade dress with the requisite particularity; (2) to show that its unregistered trade dress is distinctive, in that it is recognized by consumers as indicating the source of Vinotemp's products; and (3) to show that its unregistered trade dress is non-functional.  *See Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101 (2d Cir. 2001);  *Wal-Mart Stores v. Samara Bros.*, 529 U.S. 205 (2000);  *Traffix Devices v. Mktg. Displays*, 532 U.S. 23 (2001).  Vinotemp cannot show any element required for trade dress protection.

31.     First, Vinotemp has failed to identify its trade dress with the required particularity.  Vinotemp's Demand Letter claims generally that Vinotemp has "distinctive trade dress in its popular designs."  Vinotemp's broad generalization and failure "to explain . . . exactly which aspects of its product design(s) merit protection . . .  indicate that its claim is pitched at an improper level of generality, i.e., [Vinotemp] seeks protection for an unprotectible style, theme or idea."  *Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381 (2d Cir. 1997).  Vinotemp's allegations in its Demand Letter that its trade dress "***includes*** wine racks having black lips that can be seen through a glass door" (emphasis added) does not meet Vinotemp's burden of defining trade dress with the requisite specificity.  Indeed, Vinotemp's various wine refrigerators differ significantly in design, present no consistent look, and there are no common distinct features among all such products.

32.     Second, as product configuration, Vinotemp's claimed trade dress cannot be inherently distinctive.  *See Samara Bros.*, 529 U.S. at 210.  Vinotemp has the burden to show that its trade dress has acquired distinctiveness through secondary meaning—that in the minds of the public, the primary significance of the trade dress is to identify the source of the product rather than the product itself.  Given the extensive and long-term third party use of rectangular

shaped wine refrigerators with framed glass doors and black shelf fronts, among other factors, Vinotemp cannot establish secondary meaning in its alleged trade dress.

33.     Vinotemp cannot show that its claimed trade dress is non-functional.   The requirement of non-functionality "prevents trademark law, which seeks to promote competition by protecting a firm's reputation, from instead inhibiting legitimate competition by allowing a producer to control a useful product feature." *Qualitex Co. v. Jacobson Prods. Co., Inc.*, 514 U.S. 159, 164 (1995).  Trade dress will be deemed functional if: (1) it is essential to the use or purpose of the product; (2) it affects the cost or quality of the product; or (3) especially when concerning use of color, it would put competitors at a significant, non-reputation-related disadvantage.  *See Qualitex*, 514 U.S. at 165; *TrafFix Devices*, 532 U.S. at 33-34.  Vinotemp's alleged trade dress is functional because it serves utilitarian purposes for wine storage, and affects the cost and quality of the product by using basic and attractive features that consumers are accustomed to seeing.  Moreover, protecting these basic features, including ***black*** shelf fronts in wine refrigerators with glass doors, would put Wine Enthusiast and third parties in the wine refrigerator industry at a significant, non-reputation-related design disadvantage.

34.     The Court thus should declare that Vinotemp lacks trade dress rights in the design of its wine refrigerators because its claimed trade dress lacks specificity, is not distinctive and/or is functional.

**COUNT II**
**(Declaration that Wine Enthusiast Has Not Infringed**
**Vinotemp's Purported Trade Dress Rights)**

35.     Wine Enthusiast repeats and realleges the allegations set forth in each and every one of the foregoing paragraphs with the same force and effect as if set forth fully herein.

36.     To establish trade dress infringement, Vinotemp has the burden to prove: (1) the

existence of valid trade dress; and (2) that consumers are likely to be confused, mistaken or deceived that Wine Enthusiast's products originate from or are sponsored or endorsed by Vinotemp.  15 U.S.C. § 1125(a).

37.     For the reasons discussed above, Vinotemp has no protectible or valid trade dress rights.

38.     Nor can there be any likelihood of consumer confusion between Wine Enthusiast's and Vinotemp's refrigerators.  The facial dissimilarities between the parties' designs precludes any likely confusion.  Moreover, rectangular shaped wine refrigerators with framed glass doors and black shelf fronts have been commonplace in the market for decades, so that any purported rights Vinotemp claims in such trade dress are weak.  The parties' use of their very different respective house marks—WINE ENTHUSIAST vs. VINOTEMP—in connection with their wine refrigerators further eliminates any possibility of confusion.  Additionally, Wine Enthusiast had no intent to usurp any alleged goodwill of Vinotemp or cause consumer confusion and there is no evidence of actual consumer confusion.

39.     The Court thus should declare that Wine Enthusiast has not infringed Vinotemp's alleged trade dress rights because Vinotemp lacks trade dress rights and there is no likelihood of consumer confusion.

## COUNT III
### (Declaration that Wine Enthusiast Has Not Infringed the D936 Patent)

40.     Wine Enthusiast repeats and realleges the allegations set forth in each and every one of the foregoing paragraphs with the same force and effect as if set forth fully herein.

41.     To establish design patent infringement, Vinotemp has the burden to prove that "an ordinary observer, familiar with the prior art, would be deceived into thinking that the

27722/004/2326008

accused design was the same as the patented design." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 672 (Fed. Cir. 2008).

> In some instances, the claimed design and the accused design will be sufficiently distinct that it will be clear without more that the patentee has not met its burden of proving the two designs would appear 'substantially the same' to the ordinary observer . . . . In other instances, when the claimed and accused designs are not plainly dissimilar, resolution of the question whether the ordinary observer would consider the two designs to be substantially the same will benefit from a comparison of the claimed and accused designs with the prior art . . . .

*Id.* at 678.

42.    As shown in the below side by side comparison, and in light of the characteristics of the D936 Patent and Wine Enthusiast Evolution series wine refrigerators enumerated above, Wine Enthusiast's product design is so distinct from the shelf front design claimed in the D936 Patent such that an ordinary observer, even unaware of prior wine refrigerator shelf front designs, would not be deceived into thinking that Wine Enthusiast's design was the same as the design in the D936 Patent:

Wine Enthusiast's Shelf                    Vinotemp's D936 Patent



43.    Consideration of the prior art—including the EuroCave and U-Line wine refrigerators with black shelf fronts referenced above—further ensures that ordinary observers would not be deceived into thinking that Wine Enthusiast's wine refrigerator design was the same as the design in the D936 Patent

44.    The Court thus should declare that Wine Enthusiast has not infringed Vinotemp's rights in the D936 Patent.

**COUNT IV**
**(Declaration that the D936 Patent Is Invalid)**

45.     Wine Enthusiast repeats and realleges the allegations set forth in each and every one of the foregoing paragraphs with the same force and effect as if set forth fully herein.

46.     The single design claim in the D936 Patent is invalid because it fails to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112., especially in light of the wine rack shelf front designs disclosed in the prior art, including the third party EuroCave and U-Line wine refrigerators with black shelves identified above.

47.     The Court thus should declare that Vinotemp's D936 Patent is invalid.

**<u>JURY TRIAL DEMANDED</u>**

48.     Wine Enthusiast demands a jury trial on all issues so triable.

WHEREFORE, Plaintiff Wine Enthusiast respectfully request that this Court enter judgment in favor of Plaintiff Wine Enthusiast and against Defendant Vinotemp, and issue an Order:

A.     Declaring that Vinotemp lacks trade dress rights in the designs of its wine refrigerators;

B.     Declaring that Wine Enthusiast has not infringed any alleged trade dress rights Vinotemp claims in the designs of its wine refrigerators;

C.     Declaring that Wine Enthusiast has not infringed the D936 Patent;

D.     Declaring that the D936 Patent is invalid;

E.     Declaring that Vinotemp made its claims in the Demand Letter in bad faith;

F.     Ordering that, to the extent permitted by law or statute, Wine Enthusiast recover its reasonable attorneys' fees from Vinotemp, together with the costs of this action;

27722/004/2326008

G.      Ordering that Wine Enthusiast be granted such other and further relief as the court

deems just and proper.

Dated:  New York, New York                  Respectfully submitted,
         September 6, 2017
                                             COWAN LIEBOWITZ & LATMAN, P.C.

                                             By:____s/ Eric J. Shimanoff_____
                                                 Eric J. Shimanoff (ejs@cll.com)
                                                 Mark Montague (mxm@cll.com)
                                             114 West 47th Street
                                             New York, New York 10036
                                             (212) 790-9200
                                             *Attorneys for Plaintiff*