Michael Hurey (*Pro Hac Vice*)
mhurey@kleinberglerner.com
Michael W. Carwin (*Pro Hac Vice*)
mcarwin@kleinberglerner.com
KLEINBERG & LERNER, LLP
1875 Century Park East, Suite 1150
Los Angeles, CA  90067
Telephone:  (310)557-1511
Facsimile:   (310)557-1540

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

WINE ENTHUSIAST, INC.,                              :         Case No.: 17-cv-06782(DLC)
                                                                   :
                                    Plaintiff,              :         **DEFENDANT'S OPPOSITION**
                                                                   :         **TO PLAINTIFF'S MOTION TO**
                       -v-                                  :         **DISMISS**
                                                                   :
VINOTEMP INTERNATIONAL                     :
CORPORATION,                                          :
                                                                   :
                                    Defendant.           :
-------------------------------------------------------------X

WINE ENTHUSIAST, INC.,                              :
                                                                   :
                       Counterclaim Plaintiff,     :
                                                                   :
                       -v-                                  :
                                                                   :
VINOTEMP INTERNATIONAL                     :
CORPORATION,                                          :
                                                                   :
                       Counterclaim  Defendant.    :
-------------------------------------------------------------X

**TABLE OF CONTENTS**

I.      FACTUAL BACKGROUND ............................................................................................1

II.     ARGUMENT ..............................................................................................................2

        A.  Legal Standards for a Motion to Dismiss......................................................2

        B.  The Design Patent Claim Should Not be Dismissed as a Matter of Law.......................3

        C.  The Counterclaim for Trade-Dress Infringement is Properly Pled ...............................8

             1. Vinotemp's Trade Dress is Sufficiently Described in the Counterclaim...................9

             2. Vinotemp Has alleged Secondary Meaning............................................................11

             3. Vinotemp's Trade-Dress is Non-Functional ...........................................................12

        D.  If Necessary, Vinotemp Should be Granted Leave to Amend ....................................13

III.    CONCLUSION.........................................................................................................14

# TABLE OF AUTHORITIES

CASES                                                                   PAGE

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...........................................................................................2, 11, 12

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)...........................................................................................2

*Conley v. Gibson*,
355 U.S. 41 (1957)...........................................................................................2

*Gorham Co. v. White*,
81 U.S. 511 (1871)...........................................................................................8

*Scheur v. Rhodes*,
416 U.S. 232 (1974)...........................................................................................2

*Wal-Mart Stores v. Samara Bros.*,
529 U.S. 205 (2000)...........................................................................................11

*Crocs, Inc. v. Int'l Trade Comm'n*,
598 F.3d 1294 (2010)...........................................................................................4

*Egyptian Goddess, Inc. v. Swisa, Inc.*,
543 F.3d 665 (Fed. Cir. 2008)...........................................................................................3, 4, 6

*Ethicon Endo-Surgery v. Covidien, Inc.*,
796 F.3d 1312 (Fed. Cir. 2015)...........................................................................................4

*Goodyear Tire & Rubber Co. v. Hercules Tire & Rubber Co.*,
162 F.3d 1113 (Fed. Cir. 1998)...........................................................................................3

*Harris v. City of New York*,
186 F.3d 243(2d Cir. 1999)...........................................................................................2

*Litton Sys., Inc. v. Whirlpool Corp.*,
728 F.2d 1423 (Fed. Cir. 1984)...........................................................................................4

*OddzOn Prod., Inc. v. Just Toys, Inc.*,
122 F.3d 1396 (Fed. Cir. 1997)...........................................................................................3, 4

*Swiatkowski v. Citibank*,
   446 Fed. Appx. 360 (2d Cir. 2011) ...................................................................................3

*Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*,
   2017 U.S. Dist. LEXIS 1243 (S.D.N.Y. January 4, 2017) .................................................4

*Deckers Outdoor Corp. v. J.C. Penney Co.*,
   45 F. Supp. 3d 1181 (C.D. Cal. September 8, 2014) .........................................................8

*Dioptics Med. Prods. v. Ideavillage Prods. Corp.*,
   2010 U.S. Dist. LEXIS 121868 (N.D. Cal. October 29, 2010).........................................6

*MSA Prods. V. Nifty Home Prods.*,
   883 F. Supp. 2d 535 (D.N.J. 2012) ...................................................................................6

*Nat'l Lighting Co. v. Bridge Metal Indus.*,
   601 F. Supp. 2d 556 (S.D.N.Y. 2009)...........................................................................9, 10

*Parker v. Kimberly-Clark Corp.*,
   2012 U.S. Dist. LEXIS 2565 (N.D. Ill. Jan. 10, 2012) ..................................................5, 6

*Performance Designed Prods. LLC v. Mad Catz, Inc.*,
   2016 U.S. Dist. LEXIS 84848 (S.D. Cal. 2016) .............................................................5, 6

*Silverman v. Attilio Giusti Leombruni S.P.A.*,
   2016 U.S. Dist. LEXIS 20775 (S.D.N.Y. Feb. 19, 2016)...............................................4, 6

*Ward v. Andrews McMeel Publ'g LLC*,
   963 F. Supp. 2d 222 (S.D.N.Y. 2013) .............................................................................10

## RULES

Federal Rule of Civil Procedure 8 ......................................................................................11

Federal Rule of Civil Procedure 12 ....................................................................................12

Federal Rule of Civil Procedure 15 ....................................................................................13

Defendant Vinotemp International Corporation ("Vinotemp") submits this memorandum of points and authorities in opposition to the motion to dismiss Counterclaims two and three filed by Plaintiff Wine Enthusiast, Inc. ("Wine Enthusiast). The motion should be denied because the question of whether or not Vinotemp's design patent has been infringed is a question of fact best left to the jury, and not dismissed as a matter of law at this early stage of the case. Moreover, Vinotemp has properly alleged all of the factual and legal elements its trade dress infringement claim. In the alternative, if the Court is of the opinion that the allegations of the Counterclaims are insufficient, then leave should be granted for Vinotemp to amend.


## I.    FACTUAL BACKGROUND

Vinotemp is a leading distributor of wine storage units and other wine-related accessories. The company is an innovator which designs and manufactures many of its own unique designs. One of Vinotemp's more successful products is a wine storage unit which includes racks having a black front face. Vinotemp has obtained a United States Design Patent, No. D711,936 for the unique arrangement of the wine rack. Vinotemp also claims trade dress protection in wine storage units with glass fronts having racks with black faces.

Wine Enthusiast also sells wine-related products. Vinotemp became aware that Wine Enthusiast was selling a line of wine storage units under the "Evolution" trade name which infringed on both the D936 Patent and on Vinotemp's trade dress. As a result, Vinotemp sent Wine Enthusiast a cease and desist letter in July of 2017 advising it of the ongoing infringements. Wine Enthusiast responded by fling the present action for declaratory relief. Vinotemp has filed compulsory Counterclaims for infringement of the D936 Patent and its trade

dress.[1] Following an unsuccessful attempt at mediation, Wine Enthusiast filed the present motion to dismiss.

## II.   ARGUMENT

A.   Legal Standards for a Motion to Dismiss

On a motion to dismiss, a Court "accept[s] as true all of the factual allegations contained in the complaint" and construes it in the light most favorable to the plaintiff. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 572, (2007). To state a facially plausible claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009). "A pleading that offers `labels and conclusions' or `a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders `naked assertion[s]' devoid of `further factual enhancement.'" *Id.* (quoting *Twombly,* 550 U.S. at 557). Vinotemp meets all of the pleading requirements set forth by the Supreme Court.

Motions under Rule 12(b)(6) must be denied unless the movant can demonstrate that "'it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim that would entitle [him] to relief.'" *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999) *quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974). On a motion to dismiss, the Court must accept as true all of the well-pleaded facts and consider those facts in the light most favorable to the

---

[1] Vinotemp has also asserted a claim for infringement of United States Utility Patent No. 7,882,967. That patent infringement claim is not involved in the present motion.

Plaintiff. *Swiatkowski v. Citibank*, 446 Fed. Appx. 360, 360-61 (2d Cir. 2011). Thus, the Court's only task is to determine, under the assumption of truth of the underlying allegations, whether the claims would entitle a plaintiff to some form of relief.

B.    The Design Patent Claim Should Not be Dismissed as a Matter of Law.

Wine Enthusiast first argues that the Counterclaim for design patent infringement should be denied as a matter of law. The Court should deny Wine Enthusiast's request. Wine Enthusiast cannot demonstrate a lack of infringement as a matter of law. The question of whether or not infringement exists is a question of fact which can only be answered by the jury.

Wine Enthusiast is correct in citing *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008) and the "ordinary observer test" as the standard for determining design patent infringement. Dkt. 33 at 6. It is also correct in stating that "[t]here can be no infringement based on the similarity of specific features if the overall appearance of the [accused and patented] designs are dissimilar." Dkt. 33 at 7, *citing OddzOn Prod., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997). However, the remainder of Wine Enthusiast's arguments then turns to focus on minute alleged differences rather than the similarity of the whole, directly contradicting the Court's conclusion that "the ordinary observer test does not present the risk of assigning exaggerated importance to small differences between the claimed and accused designs relating to an insignificant feature." *Egyptian Goddess*, 543 F.3d at 677. Instead, infringement should be found if the accused article "embod[ies] the patented design or any colorable imitation thereof." *Id., citing Goodyear Tire & Rubber Co. v. Hercules Tire & Rubber Co.,* 162 F.3d 1113, 1116-17 (Fed. Cir. 1998).

Wine Enthusiast's parade of cases where design infringement claims were dismissed under a Rule 12(b)(6) motion serves only to confirm that Courts will find infringement of a design patent "[i]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same," *Egyptian Goddess*, 543 F.3d 665, 670, that "minor differences between a patented design and an accused article's design cannot, and shall not, prevent a finding of infringement," *Litton Sys., Inc. v. Whirlpool Corp.*, 728 F.2d 1423, 1444 (Fed. Cir. 1984), and that "[t]he patented and accused designs do not have to be identical in order for design patent infringement to be found" *OddzOn*, 122 F.3d 1396, 1405. When determining whether two designs are same or different, "[d]ifferences . . . must be evaluated in the context of the claimed design as a whole, and not in the context of separate elements in isolation," *Ethicon Endo-Surgery v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015).

These cases serve to emphasize that various Courts found no infringement only where a side-by-side comparison of the patented and accused designs, as a whole, from multiple views, showed the designs to be plainly dissimilar. *See Bobcar Media, LLC v. Aardvark Event Logistics, Inc.,* 2017 U.S. Dist. LEXIS 1243 at *9 (S.D.N.Y. January 4, 2017), *citing Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1302-03 (2010)("In applying [the ordinary observer] test, the Court focuses on the overall appearance of the design, rather than particular elements, and often undertakes a side-by-side visual comparison."). However, in the present case Wine Enthusiast's product is not "plainly dissimilar" from the D936 Patent.

In *Silverman v. Attilio Giusti Leombruni S.P.A.*, 2016 U.S. Dist. LEXIS 20775 (S.D.N.Y. Feb. 19, 2016), the Court, in finding the accused and patented camouflage designs dissimilar, reasoned that (1) the patented design and the accused design appears on different types of footwear, making the camouflage visible from different angles; (2) the camouflage designs were

"used differently" – with the patented design covering the middle of the sole and the accused design covering the entire sole; and (3) the two camouflage designs used different patterns to create the camouflage effect – the patented design used curvy areas whereas the accused design used polygons. Dkt. 33 at 8.

Here, the patented design and the accused design are both used on wine racks as the face of the wine rack. In both designs, the wine rack face is uniformly visible no matter the angle of comparison. In both the patented and accused design, the wine rack face covers the entire front of the wine rack and there are no differences in patterns in either of the designs. Hence, though the Court in *Silverman* applied the ordinary observer test, the Court's points of analysis in applying the test does not apply to the patented and accused designs in this case.

In *Parker v. Kimberly-Clark Corp.*, 2012 U.S. Dist. LEXIS 2565 (N.D. Ill. Jan. 10, 2012), the Court examined the patented and accused designs of sanitary napkins in a side-by-side comparison from several different perspectives, finding differences in each perspective view prior to concluding that the overall appearance of the designs is dissimilar. In a side-by-side comparison from a top view of the sanitary napkins in whole, the patented design had flat ends and sharp edges whereas the accused design had a "rounded end on one side and a heart shaped end on the other." *Parker*, 2012 U.S. Dist. LEXIS 2565 at *5. In a side-by-side comparison from a bottom view, the patented design had an hourglass shape while the accused design did not. *Id.* When view from the side, the patented design is "very flat and thin" while the accused design is "supple and thick." *Id.* at *6. All of these differences contributed to the Court's ultimate finding of no infringement.

Similarly, the Court in *Performance Designed Prods. LLC v. Mad Catz, Inc.*, 2016 U.S. Dist. LEXIS 84848 (S.D. Cal. 2016), again compared the patented and accused designs from

several different views, noting differences in each view prior to concluding that the designs were substantially dissimilar. Like *Silverman*, *Parker*, and *Performance*, in *MSA Prods. V. Nifty Home Prods.*, 883 F. Supp. 2d 535 (D.N.J. 2012), the Court conducted a side-by-side comparison of the patented and accused designs and noted the plainly visible differences between the square-shaped, one-level, single-drawer patented design and the rectangular, three-level, three-drawer accused design in finding non-infringement.

Unlike the cases cited by Wine Enthusiast where side-by-side comparisons were made from different angles, Wine Enthusiast made only one side-by-side comparison and hinged its entire non-infringement argument on the remote possibility that the ordinary observer in "giving such attention as a purchaser usually gives," *Egyptian Goddess*, 543 F.3d 665, 670, could potentially distinguish that the wine shelf face of the patented design may be thinner or slightly curved at one end, or notice that the position in which the wine shelf face is attached to the shelf, or notice whether it is attached to the shelf at one point of attachment or two. Dkt. 33 at 10.

Like the movant in *Dioptics Med. Prods. v. Ideavillage Prods. Corp.*, 2010 U.S. Dist. LEXIS 121868 (N.D. Cal. October 29, 2010), the differences noted by Wine Enthusiast are relatively minor. More importantly, the Court in *Dioptics* rejected the movant's arguments of similarity where the movant's comparison "has not presented all views" concluding that the "[movant] has based its argument on an incomplete comparison." *Id.* at *9-10. In this case, like the movant in *Dioptic*, Wine Enthusiast has not presented a complete comparison between all views of the patented design and the accused product. Accordingly, its claim of non-infringement should be rejected, especially at this early stage of the case.

As shown on the next page, a side-by-side comparisons of the patented and the accused designs overall, it is reasonably likely that an ordinary observer could be deceived into thinking

that Wine Enthusiast rack is substantially similar to the patented design.[2] The determination of whether such confusion actually exists is a question of fact which is best only be resolved by a jury.

| Vinotemp's D711,936 Patent | Wine Enthusiast's Accused Design |
|---|---|
|  FIG. 3 |  |
|  FIG. 4 |  |
|  FIG. 5 |  |
|  FIG. 6 |  |

---

[2] Figures from Vinotemp's D711,936 patent and from Exhibit A of Wine Enthusiast's Motion.

Here, as in *Deckers Outdoor Corp. v. J.C. Penney Co.*, 45 F. Supp. 3d 1181, 1186 (C.D. Cal. September 8, 2014), a comparison of the protected design with the accused product clearly demonstrates a "sufficient visual similarity to at least render infringement of the [patented design] plausible.".

If anything, Wine Enthusiast's motion and its systematic comparison of the accused and patented designs demonstrates that there are no missing features or purely functional elements that would prevent the ordinary observer from finding the accused and patented designs substantially similar. While improper, Wine Enthusiast's analysis does demonstrate that the accused and patented designs have substantially similar features with the differences coming down to a slight curvature, the point of attachment, and thickness of the shelf face. As articulated in *Egyptian Goddess*, "the test of identity of design 'must be sameness of appearance, and mere difference of lines in the drawing or sketch … or slight variances in configuration … will not destroy the substantial identity.'" 534 F.3d at 670 *citing Gorham Co. v. White*, 81 U.S. 511, 526-27 (1871). The Court should not dismiss Vinotemp's claim for design patent infringement.

C.     The Counterclaim for Trade Dress Infringement is Properly Pled.

Wine Enthusiast contends the third Counterclaim for trade dress infringement should be denied because Vinotemp has not properly alleged the elements of the cause of action. This argument is incorrect. Vinotemp has made all of the necessary allegations to support its claim. Vinotemp has properly alleged sufficient factual content to allow a reasonable inference that Wine Enthusiast has infringed the trade dress at issue here.

    1.    <u>Vinotemp's Trade Dress is Sufficiently Described in the Counterclaim.</u>

Wine Enthusiast first argues the elements of the trade dress amount to a "laundry list" of non-protectible elements. Dkt. 33 at 20, citing *Nat'l Lighting Co. v. Bridge Metal Indus.*, 601 F. Supp. 2d 556 (S.D.N.Y. 2009). This argument is specious. Vinotemp has fully described its claims trade dress in Paragraph 14 of the Amended Counterclaim. That paragraph states:

> Vinotemp claims a unique trade dress for wine storage units such as a wine rack or a refrigerator. The storage units have a glass front. There are individual shelves inside the units holding the bottles in a horizontal position, with the bases of the bottles facing outward. Each of the shelves has a black front. The black front is high enough to cover most of the bottom half of each bottle. This arrangement gives the impression the bottles are "floating" within the storage unit.

Dkt. 24 at 11-12. Vinotemp also provides color photographs of wine storage units which include its claimed trade dress. Id. at 12. This description includes specific facts and is more than sufficient to describe Vinotemp's trade dress and provide a basis for the claim against Wine Enthusiast. Vinotemp's description of its trade dress is not merely a list of various elements. Rather, it details the elements of the claimed trade dress and explains how the various elements are disposed and arranged.

It is helpful to analyze prior cases which have considered descriptions of alleged trade dress in the context of a motion to dismiss. The products at issue in *Nat'l Lighting* were (not surprisingly) lighting fixtures. The plaintiff described its trade dress as follows:

> National's products' trade dress is visibly different from other manufacturers and consists of the following non-functional elements: the positioning of the fluorescent bulb, the distribution of light from the bulb, the angle at which the metal frame is curved, the placements of screws, the appearance of the inside parts, the lack of visibility of hardware, the method of wiring, the shielding design and shielding width, fixture depth, and the overall color and texture combinations.

*Nat'l Lighting*, 601 F. Supp at 562. It is important to note that the elements of the trade dress which are included in the pleadings in *Nat'l Lighting* are a mere list. There is no detail given as

to how the various elements interact or their relationship to each other. The description is truly a "laundry list" and the district court properly found so.

A more relevant case is *Ward v. Andrews McMeel Publ'g LLC*, 963 F. Supp. 2d 222 (S.D.N.Y. 2013). The products in *Ward* were books that included the well-known game of Hangman. Hangman is, of course, typically played by more than one person. The first player selects a secret word. The other player(s) then typically guess letters that which be contained in the secret word. For each incorrect guess, a portion of a stick figure is drawn. The game ends when either the word is correctly guessed, or the entire stick figure is completed.

The plaintiff's books in *Ward* included a novel arrangement of elements which permits a single person to play Hangman. The court described the trade dress as follows:

> [A] series of silver scratch-off circles below each letter of the alphabet, depicted in a few rows. Below that element appear numbered blanks for the answers. Next to the scratch-off alphabet section appears a dashed-line depiction of a stick figure with a noose placed loosely around its neck. (Compl. ¶ 14.) Ward further asserts that the PP Books even misappropriate the style and appearance of the hanging-man drawing (including the body outline, noose and gallows) from the S & S Books. (Id. at ¶ 19.)

*Ward*, 963 F. Supp. 2d at 237. The court found that the foregoing descript no was "sufficient to establish the elements of Ward's trade dress claim." *Id*. The court specifically noted that the trade dress description was not a laundry list of elements lacking specificity such as that given in *Nat'l Lighting*. The Court stated "[Plaintiff]has adequately explained how his trade dress is distinctive based on both the color scheme used and the general layout and spatial relationship of the various elements appearing on each page of his books." *Id*. at 237

This analysis applies directly to the present case. Vinotemp has explained the layout and special relationship of the elements of its trade dress. Vinotemp also asserts the color scheme (black) of the fronts of the rack face. The Court should follow the reasoning of the Ward court

and find that the Counterclaims properly describe and claim the elements of Vinotemp's trade dress.

Wine Enthusiast asserts that Vinotemp is attempting to protect a line of products, and shows pictures of various wine storage units that do not include the claimed trade dress. Dkt. 15-18. This argument is puzzling. Many of the units shown by Wine Enthusiast are irrelevant. They do not include the asserted trade dress. The court should not be distracted by Wine Enthusiast attempts to muddy the waters by referring to products which have nothing to do with the dispute at hand.

2.      Vinotemp Has alleged Secondary Meaning.

Secondary meaning is an element of a claim for trade dress. *Wal-Mart Stores v. Samara Bros.*, 529 U.S. 205, 216 (2000). Vinotemp has made a specific allegation of secondary meaning in Paragraph 13 of the Counterclaim. ("The black wine rack face trade dress ***has gained secondary meaning*** as the designation of origin for Vinotemp") Dkt. 24 at 11. (Emphasis added.) Vinotemp supports its claim of secondary meaning by pleading various underlying facts in Paragraphs 15-17 of the Counterclaim. *Id*. at 12.

Vinotemp's allegations are sufficient to meet the pleading requirements imposed by rule Federal Rule of Civil Procedure 8(a) and *Twombly*. The allegations of the Counterclaims are not mere labels and conclusions. Vinotemp has alleged that its significant sales and marketing efforts have established secondary meaning in the claimed trade dress.

Wine Enthusiast takes issue with the level of detail in Vinotemp's allegations asserting: "Even if Vinotemp's advertising and marketing allegations did relate to the alleged trade dress, it has not provided the ***necessary facts*** related to amounts spent on marketing and advertising of

the alleged trade dress." Dkt. 33 at 25. However, the Supreme Court has stated "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . ." *Twombly*, 550 U.S. at 550. There is no legal requirement that Vinotemp pleadings include a citation to each bit of evidence that might be used to prove its case. A citation in the pleadings to the grounds which give basis for the entitlement to relief is all that is required under *Twombly*. Vinotemp has met this obligation.

3.     <u>Vinotemp's Trade-Dress is Non-Functional.</u>

Wine Enthusiast final argument is that the trade dress claim should be dismissed because Vinotemp's allegations concerning functionality are insufficient. Vinotemp concedes the trade dress Counterclaim does not include the word "functional" in its allegations. However, the allegations of the Counterclaims, when read as a whole, show Vinotemp's trade dress is purely ornamental, and is not functional. Indeed, Wine Enthusiast does not contend that the trade dress has any functional aspect. It merely argues that the Counterclaim should be dismissed because it does not include the magic word "non-functional" in the text of the document. Wine Enthusiast exalts form over substance, and ignores the facts pled by Vinotemp.

The products at issue are wine storage units. They are coolers and refrigeration units which maintain wine bottles at an appropriate temperature while being stored. Vinotemp asserts trade dress protection in the black color of the face of the wine racks. Obviously, the design choice of a black color for the face is purely ornamental. It has no effect on the operation of the storage unit. The storage units would work just as well if the rack fronts were any other color. If the rack fronts were orange, purple, striped or polka-dotted the operation of the device would not change. The choice of color has no functional aspect whatsoever.

The same is true for the glass front on the cooling units. The units would operate in the same manner if the doors were made of some other material, such as metal or wood. Vinotemp made the design choice to use glass purely for ornamental and aesthetic reasons. The glass provides a distinctive look to the product which distinguishes Vinotemp's products from other cooling units in the marketplace. The choice of glass does not contribute to the function or operation of the devices.

Vinotemp has included sufficient allegations in its Counterclaim to provide a basis for establishing its trade dress is non-functional.


D.      If Necessary, Vinotemp Should be Granted Leave to Amend.

In the event the Court is of the opinion that Vinotemp's Counterclaims are insufficiently pled, then Vinotemp requests leave to amend in order to cure any perceived defects. Under Rule 15(a)(2), leave to amend should be freely granted when justice requires. *See Ward*, 963 F. Supp. 2d at 238 (leave to amend granted in order to permit trademark owner to add allegation of non-functionality). Vinotemp can easily make truthful amendments to the Counterclaims in order to add further facts to support its claims against Wine Enthusiast. It would be unjust to deny Vinotemp its day in court based on a few, minor, deficiencies in its pleadings.

## IV.    CONCLUSION

For the foregoing reasons, the Court should deny the present motion or, in the alternative, grant Vinotemp leave to amend its Counterclaims.

Dated: March 23, 2017                   Respectfully Submitted,

                                        *s/Michael Hurey*
                                        Michael Hurey
                                        KLEINBERG & LERNER, LLP
                                        1875 Century Park East, Suite 1150
                                        Los Angeles, California 90067
                                        Tel.:  (310) 557-1511
                                        Fax:  (310) 557-1540
                                        Email:  mhurey@kleinberglerner.com
                                        Attorneys for VINOTEMP INTERNATIONAL
                                        CORPORATION