Eric J. Shimanoff (ejs@cll.com)
Mark Montague (mxm@cll.com)
Joelle A. Milov (jam@cll.com)
COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, New York 10036-1525
(212) 790-9200
*Attorneys for Plaintiff and Counterclaim Defendant
Wine Enthusiast, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
WINE ENTHUSIAST, INC.,

       Plaintiff and Counterclaim Defendant,

  against

VINOTEMP INTERNATIONAL CORPORATION,

       Defendant and Counterclaim Plaintiff.
----------------------------------------------------------------- x

No. 17 Civ. 6782 (DLC) (HP)

**WINE ENTHUSIAST, INC.'S REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF ITS MOTION TO DISMISS VINOTEMP
INTERNATIONAL CORPORATION'S DESIGN PATENT AND
<u>TRADE DRESS INFRINGEMENT COUNTERCLAIMS</u>**

27722/004/2422443

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT ....................................................................................................................................2

I.   VINOTEMP'S SECOND COUNTERCLAIM SHOULD BE DISMISSED BECAUSE WINE ENTHUSIAST'S SHELVES DO NOT INFRINGE VINOTEMP'S DESIGN PATENT AS A MATTER OF LAW ............................................2

II.  VINOTEMP'S THIRD COUNTERCLAIM SHOULD BE DISMISSED FOR FAILURE TO SUFFICIENTLY ALLEGE TRADE DRESS INFRINGEMENT ..............6

    A.   Vinotemp's Trade Dress Allegations Lack Specificity ............................................6

    B.   Vinotemp Fails To Sufficiently Allege That Its Trade Dress Has Acquired Secondary Meaning .................................................................................7

    C.   Vinotemp Has Failed To Sufficiently Plead That Its Unregistered Trade Dress Is Non-Functional .........................................................................................8

III. VINOTEMP'S REQUEST TO AMEND WITH UNSPECIFIED FACTS SHOULD BE DENIED AS FUTILE. ....................................................................................9

27722/004/2422443

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ascroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................. 7

*Bubble Genius LLC v. Smith*,
    239 F. Supp. 3d 586 (E.D.N.Y. 2017) ..................................................................... 9

*Christian Louboutin S.A. v. Yves Saint Laurent Am. Holding, Inc.*,
    696 F.3d 206 (2d Cir. 2012) .................................................................................... 8

*Crocs, Inc. v. ITC*,
    598 F.3d 1294 (Fed. Cir. 2010) ............................................................................... 2

*Dioptics Med. Prods. v. Ideavillage Prods. Corp.*,
    2010 U.S. Dist. LEXIS 121868 (N.D. Cal. Oct. 29, 2010) ..................................... 5

*Egyptian Goddess, Inc. v. Swisa, Inc.*,
    543 F.3d 665 (Fed. Cir. 2008) ................................................................................. 2

*Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*,
    796 F.3d 1312 (Fed. Cir. 2015) ............................................................................... 4

*Heptagon Creations, Ltd. v. Core Grp. Mktg.*,
    2011 U.S. Dist. LEXIS 147102 (S.D.N.Y. Dec. 22, 2011), *aff'd*, 507 F.
    App'x. 74 (2d Cir. 2013) .......................................................................................... 8

*HR US LLC v. Mizco Int'l, Inc.*,
    2009 U.S. Dist. LEXIS 27056 (E.D.N.Y. Mar. 31, 2009) ....................................... 3

*Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*,
    58 F.3d 27 (2d Cir. 1995) ........................................................................................ 7

*Jenny Yoo Collection, Inc. v. Watters Design, Inc.*,
    124 U.S.P.Q.2d 1553 (S.D.N.Y. 2017) ................................................................... 8

*Landscape Forms, Inc. v Columbia Cascade Co.*,
    113 F.3d 373 (2d Cir. 1997) .................................................................................... 7

*MSA Prods. v. Nifty Home Prods.*,
    883 F. Supp. 2d 535 (D.N.J. 2012) ................................................................. 2, 3, 5

27722/004/2422443

*OddzOn Prods., Inc. v. Just Toys, Inc.*,
    122 F.3d 1396 (Fed. Cir. 1997)................................................................................1, 4

*Parker v. Kimberly-Clark Corp.*,
    2012 U.S. Dist. LEXIS 2565 (N.D. Ill. Jan. 10, 2012) .......................................................3

*Performance Designed Prods. LLC v. Mad Catz, Inc.*,
    2016 U.S. Dist. LEXIS 84848 (S.D. Cal. 2016) ..................................................................3

*Richardson v. Stanley Works, Inc.*,
    597 F.3d 1288 (Fed. Cir. 2010).........................................................................................4

*Sara Designs, Inc., v. A Classic Time Watch Co.*,
    234 F. Supp.3d 548 (S.D.N.Y. 2017).................................................................................8

*Sherwood 48 Assocs. v. Sony Corp. of Am.*,
    76 F. App'x 389 (2d Cir. 2003) .........................................................................................6

*Silverman v. Attilio Giusti Leombruni S.P.A.*,
    2016 U.S. Dist. LEXIS 20775 (S.D.N.Y. Feb. 19, 2016) .....................................................5

*TechnoMarine S.A. v. Giftports, Inc.*,
    2012 U.S. Dist. LEXIS 130128 (S.D.N.Y. Sept. 10, 2012)................................................10

*TechnoMarine S.A. v. Giftports, Inc.*,
    758 F.3d 493 (2d Cir. 2014).............................................................................................9

*TrafFix Devices, Inc. v. Mktg. Displays, Inc.*,
    532 U.S. 23 (2001)............................................................................................................9

*Ward v. Andrews McMeel Publishing, LLC*,
    963 F. Supp. 2d 222, 237 (S.D.N.Y. 2013)....................................................................6, 8

*Yurman Design, Inc. v. PAJ, Inc.*,
    262 F.3d 101 (2d Cir. 2001).............................................................................................6

## Other Authorities

Fed. R. Civ. P. 12(b)(6) .............................................................................................................1

MANUAL OF PATENT EXAMINING PROCEDURE § 1503.02 ........................................................4

iii

27722/004/2422443

Plaintiff and Counterclaim Defendant Wine Enthusiast, Inc. ("Wine Enthusiast") respectfully submits this reply memorandum of law in further support of its motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss for failure to state a claim upon which relief can be granted Counterclaims Two (design patent infringement) and Three (trade dress infringement) asserted in the Amended Answer ("Answer") and Counterclaims ("Counterclaims") of Defendant and Counterclaim Plaintiff Vinotemp International Corporation ("Vinotemp").

## PRELIMINARY STATEMENT

Vinotemp is not entitled to a monopoly over the *idea* of black shelf fronts in wine coolers, and the Court should dismiss Vinotemp's design patent and trade dress infringement counterclaims. In a futile attempt to save its design patent counterclaim, Vinotemp improperly asks this court to dissect the claims in U.S. Design Patent No. D711,936 (the "D936 Patent") and compare only a few specific elements of the parties' designs. But the Federal Circuit has clearly held: "It is the appearance of a design as a whole which is controlling in determining infringement. There can be no infringement based on the similarity of specific features if the overall appearance of the designs are dissimilar." *OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997). Compared as a whole, from all angles and examining all illustrations in the D936 Patent, the parties' designs are plainly dissimilar such that the ordinary observer would not be induced into purchasing Wine Enthusiast's products thinking they were Vinotemp's designs. These differences range from the shape, contours and proportionality of the shelf fronts to how the fronts attach to the remainder of the shelves. Any similarities come only from the functional, non-ornamental, aspects of the shelves that help keep wine in place.

Vinotemp similarly has failed to set forth any viable position that its trade dress Counterclaim should not be dismissed. Vinotemp's trade dress allegations lack specificity, and Vinotemp fails to allege how its product configuration trade dress—which can never be

inherently distinctive as a matter of law—has acquired distinctiveness through secondary meaning.  Vinotemp also fails to sufficiently allege that its trade dress, as a whole, is non-functional, nor could it.  The alleged trade dress, whose features include shelves that allow for horizontal wine storage and see through glass doors, is plainly functional.

Finally, Vinotemp's request to amend unspecified facts should be denied as futile, especially since its design patent claim fails as a matter of law.

## ARGUMENT

**I.     VINOTEMP'S SECOND COUNTERCLAIM SHOULD BE DISMISSED BECAUSE WINE ENTHUSIAST'S SHELVES DO NOT INFRINGE VINOTEMP'S DESIGN PATENT AS A MATTER OF LAW**

To establish design patent infringement, Vinotemp must prove that "an ordinary observer, familiar with the prior art, would be deceived into thinking that the accused design was the same as the patented design" in the D936 Patent. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 672 (Fed. Cir. 2008).  Infringement will only be found when an article "copies" the patented design or is "a colorable imitation thereof." *Id.* at 678.  Dismissal as a matter of law is proper where "the claimed design and the accused design [are] sufficiently distinct that it will be clear without more that . . . the two designs would [not] appear 'substantially the same' to the ordinary observer." *Id*.

Since the claim in the D936 Patent is limited the illustrations that appear therein, *see Crocs, Inc. v. ITC*, 598 F.3d 1294, 1302 (Fed. Cir. 2010), the Court need only compare the parties' design side by side to determine that they are plainly dissimilar such that, as a matter of law, the ordinary observer would not be "induc[ed] to purchase one supposing it to be the other." *Egyptian Goddess*, 543 F.3d at 670.  Thus, a determination of non-infringement is appropriate on a motion to dismiss.  *See MSA Prods. v. Nifty Home Prods.*, 883 F. Supp. 2d 535, 540 (D.N.J.

2012) ("MSA is wrong that the Court cannot determine infringement as a matter of law at the motion to dismiss stage") and cases cited in Wine Enthusiast's brief (Dkt.#33 at 7 & n.4).

When viewed as a whole, the parties' designs are plainly dissimilar. Although the pictures submitted with the motion papers speak for themselves, the primary differences are:

| Vinotemp's D936 Patent | Wine Enthusiast's Shelf |
|---|---|
| • Has a height approximately six times its depth, creating a very thin ***stick-like appearance***; | • Has a height approximately two times its depth, creating a ***block-like appearance***; |
| • ***Attaches flush with the bottom*** of the shelf to which it is attached; | • ***Attaches to the shelf approximately three-quarters*** of the way down from its top; |
| • ***Curves significantly at the top*** and over the shelf sides – like an upside-down "J"; | • Does ***not curve over the shelf sides*** or look like an upside-down "J" |
| • ***Attaches*** to the shelf sides in ***two places*** (at the top and bottom); and | • ***Attaches*** to the shelf only at ***one linear point*** on the shelf bottom; and |
| • Does ***not attach*** to the ***bottom*** of the shelf. | • Does ***not attach*** to the shelf ***sides***. |

These differences in proportionality, shape, shelf front placement, silhouette and curvature are significant, showing the designs are plainly dissimilar as a matter of law.[1]

---

[1] *See, e.g., HR US LLC v. Mizco Int'l, Inc.*, 2009 U.S. Dist. LEXIS 27056, *33 (E.D.N.Y. Mar. 31, 2009) ("in contrast to the '250 design, the side arms of the Mizco holder do not extend beyond the edge of the base, giving the Mizco holder a silhouette that is clearly distinct from the '250 design"); *Parker v. Kimberly-Clark Corp.*, 2012 U.S. Dist. LEXIS 2565, *51 (N.D. Ill. Jan. 10, 2012) ("The '611 Patent pad is flat at its ends, with extremely sharp edges at both sides. By contrast the Poise Hourglass Pad has a rounded end on one side and a heart shaped end on the other"); *Performance Designed Prods. LLC v. Mad Catz, Inc.*, 2016 U.S. Dist. LEXIS 84848, *10 (S.D. Cal. 2016) ("a notable difference between the two designs is that the 'D078 Patent Design is curved and rounded without angles while the Accused Controller is straight and squared with many angles giving it a boxy look"); *MSA Prods. v. Nifty Home Prods.*, 883 F. Supp. 2d 535, 541 (D.N.J. 2012) ("Both of the coffee pod drawers embodied in the MSA Patents are roughly square shaped, being nearly as long as they are wide, and both are much longer and wider than they are tall. In contrast, both of the three-drawer K-Cup Units are rectangular shaped and are substantially longer and taller than they are wide").

27722/004/2422443

In its responsive papers, Vinotemp dissects its design and focuses on one or two illustrations in the D936 Patent, essentially asking this Court to find infringement based merely on the fact that both designs have black shelf fronts.  Even though comparison of Vinotemp's "select" images to Wine Enthusiast's shelves alone does not show that one is a copy or colorable imitation of the other, such a myopic analysis is improper.  "There can be no infringement based on the similarity of specific features if the overall appearance of the designs are dissimilar." *OddzOn Prods., Inc.*, 122 F.3d 1396, at 1405.  Thus, in *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1296 (Fed. Cir. 2010), even though the parties' designs shared many general common elements dictated by the function of the tools, the Federal Circuit ultimately found no infrinegment where "[o]verall, the accused products clearly have a more rounded appearance and fewer blunt edges than the patented design."  And in *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015), the Federal Circuit found the claimed design and the accused product were plainly dissimilar because they "simply d[id] not look alike except for the fact that both are hand-held surgical devices with open trigger handles."  Similarly here, although both parties' designs are shelf fronts, they share no design elements other than those dictated by their functionality.

Moreover, Vinotemp's comparison ignores the "environment" in which the claimed ornamental design elements appears.  Vinotemp's patent claim is limited by "how" its shelf front design attaches to and appears in relation to the rest of the shelf, as represented by the broken lines in the D936 Patent.  *See* MANUAL OF PATENT EXAMINING PROCEDURE § 1503.02 ("Structure that is not part of the claimed design, but is considered necessary to show the environment in which the design is associated, may be represented in the drawing by broken lines") (citing *In re Zahn*, 617 F.2d 261 (C.C.P.A. 1980)).  That Vinotemp's shelf front attaches

4

to the shelf side in two places and at different points than the accused design in and of itself is fatal to Vinotemp's claims. *See Silverman v. Attilio Giusti Leombruni S.P.A.*, 2016 U.S. Dist. LEXIS 20775, *5-6 (S.D.N.Y. Feb. 19, 2016) ("While only the portion surrounded by a solid line is the claimed design, the portion in dotted lines is the claimed design's environment . . . As such, based on the drawings attached to the '005 Patent, the Court construes the claimed design to extend only to a woman's high-heeled dress shoe in which the camouflage pattern covers only the middle portion of the sole of the shoe").

Vinotemp's reliance on *Dioptics Med. Prods. v. Ideavillage Prods. Corp.*, 2010 U.S. Dist. LEXIS 121868 (N.D. Cal. Oct. 29, 2010), is misplaced.  As shown below, the parties' designs in that case were nearly identical from all perspectives:

Plaintiff's Patent             Defendant's Design



The differences between the parties' designs here are much more in line with the differences found in the cases cited in Wine Enthusiast's moving papers. *See* Dkt.#33 at 7-10.

Based on a side by side comparison of the parties' designs here, Wine Enthusiast's shelf fronts are plainly dissimilar from and do not infringe the D936 Patent as a matter of law and no amended pleading can alter that determination. *See MSA Prods.*, 883 F. Supp. 2d at 542 (no

amendment allowed on design claim dismissed on patently dissimilar designs). The Court thus should dismiss with prejudice Vinotemp's claim of design patent infringement.

## II. VINOTEMP'S THIRD COUNTERCLAIM SHOULD BE DISMISSED FOR FAILURE TO SUFFICIENTLY ALLEGE TRADE DRESS INFRINGEMENT

Vinotemp's counterclaim for trade dress infringement should be dismissed because Vinotemp fails to "offer a precise expression of the character and scope of the claimed trade dress" and fails to plausibly allege that its trade dress has acquired secondary meaning and is not functional. *Sherwood 48 Assocs. v. Sony Corp. of Am.*, 76 F. App'x 389, 391 (2d Cir. 2003).

### A. Vinotemp's Trade Dress Allegations Lack Specificity

In its brief, Vinotemp retreats from its statement in Counterclaim Paragraph 13 that its alleged trade dress is a "black wine rack face." Instead, Vinotemp claims that its trade dress is described in Paragraph 14 of the Counterclaims. However, these allegations are also deficient. How high are such shelves that are "high enough to cover most of the bottom half of each bottle?" And how much is "most of the bottom half of each bottle?" Vinotemp's description of its alleged trade dress is too indefinite to comprise a cognizable claim. *See, e.g.*, *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 117-18 (2d Cir. 2001).

The sole case that Vinotemp cites to support the particularity of its trade dress claim is wholly distinguishable. In *Ward v. Andrews McMeel Publishing, LLC*, the plaintiff alleged its trade dress was a particular configuration of scratch-off silver circles, appearing below letters of the alphabet, and above a space for an answer. 963 F. Supp. 2d 222, 237 (S.D.N.Y. 2013). Plaintiff additionally alleged that its trade dress was comprised of a stick figure with a noose next to the scratch off area. *Id.* Such a description contrasts with the imprecision employed in Vinotemp's use of the phrases shelves "high enough" for coverage of "most of the bottom half" of wine bottles. Particularly in this case concerning a product configuration, the Court should

6

cautiously review Vinotemp's imprecise allegations. *See Landscape Forms, Inc. v Columbia Cascade Co.*, 113 F.3d 373, 380 (2d Cir. 1997). The inclusion of evidently familiar elements of a wine storage unit—such as the use of a glass front panel and shelves that hold wine horizontally— and the fact that there is no consistency in the design of the myriad wine refrigerators sold by Vinotemp reveals "that [Vinotemp's] trade dress should be regarded as unprotectable or 'generic,' to avoid tying up a product or marketing idea." *Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 32 (2d Cir. 1995).

### B. Vinotemp Fails To Sufficiently Allege That Its Trade Dress Has Acquired Secondary Meaning

Vinotemp concedes that its product configuration trade dress infringement claim requires allegations that the trade dress has acquired secondary meaning, but Vinotemp's Counterclaim lacks such allegations. Vinotemp's conclusory allegation that "[t]he black wine rack face trade dress has gained secondary meaning as the designation of origin for Vinotemp" is flawed on two accounts. Counterclaim ¶ 13. First, Vinotemp now claims that its trade dress is not just "the black wine rack face" described in Paragraph 13, and, instead is described in Paragraph 14. That paragraph indicates that shelves having black fronts are just a portion of Vinotemp's alleged trade dress—the other portions being a glass front panel and shelves of some unspecified height in relation to some unspecified height of the bottom of a wine bottle. Accordingly, an allegation that Vinotemp's "black wine face" has acquired secondary meaning is not an allegation that its alleged trade dress, as a whole, has acquired secondary meaning.

Second, such an allegation is conclusory, and the Court need not accept such conclusion on this motion to dismiss. *See Ascroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Vinotemp claims that its secondary meaning conclusion is supported with allegations in Paragraphs 15-17 of the Counterclaims, those allegations do not sufficiently support the conclusion that the alleged

7

trade dress at issue has acquired secondary meaning.  *See Heptagon Creations, Ltd. v. Core Grp. Mktg.*, 2011 U.S. Dist. LEXIS 147102, at *22 (S.D.N.Y. Dec. 22, 2011), *aff'd*, 507 F. App'x. 74 (2d Cir. 2013).  For example, Paragraph 16 alleges that "Vinotemp products have worldwide recognition," but it does not state whether those products have the alleged trade dress.  Vinotemp may not piggy-back on the alleged success of its other products in support of its claim for trade dress protection in this case.

Vinotemp can take no solace in *Bell Atlantic Corp. v. Twombly*.  "To meet the plausibility standard under *Twombly*, a complaint must include sufficient facts to support an inference of secondary meaning."  *Sara Designs, Inc., v. A Classic Time Watch Co.,* 234 F. Supp.3d 548, 555 (S.D.N.Y. 2017).  Relevant factors in assessing secondary meaning include: "(1) advertising expenditures, (2) consumer studies linking the mark to a source, (3) unsolicited media coverage of the product, (4) sales success, (5) attempts to plagiarize the mark, and, (6) length and exclusivity of the mark's use." *Christian Louboutin S.A. v. Yves Saint Laurent Am. Holding, Inc.*, 696 F.3d 206, 226 (2d Cir. 2012).  As described in Wine Enthusiast's moving brief (Dkt.#33 at 19-22), Vinotemp's allegations related to secondary meaning, when present, are insufficient.  *See, e.g.*, *Jenny Yoo Collection, Inc. v. Watters Design, Inc.*, 124 U.S.P.Q.2d 1553, 1563 (S.D.N.Y. 2017).

    **C.    Vinotemp Has Failed To Sufficiently Plead That Its Unregistered Trade Dress Is Non-Functional**

Vinotemp concedes that its Counterclaim lacks any use of the word "functional," yet argues that the claim should not be dismissed.  However, when a pleading fails to allege that a plaintiff's trade dress is not functional, dismissal is appropriate.  *See Ward*, 963 F. Supp. 2d at 238, cited by Vinotemp itself.  Vinotemp may not cure its pleading deficiencies through

8

argument in its opposition brief.  *See Bubble Genius LLC v. Smith*, 239 F. Supp. 3d 586, 599 (E.D.N.Y. 2017).

Moreover, Vinotemp's arguments fail to show that the alleged trade dress, as a whole, is non-functional.  Vinotemp argues (Dkt.#36 at 12) that "the design choice of a black color for the face[of the racks] is purely ornamental."  But the color of the wine racks is just one portion of Vinotemp's alleged trade dress.  Paragraph 14 also describes shelves holding wine bottles horizontally, which plainly is a functional purpose related to maintaining the freshness of wine.[2]  Additionally, that the units contain glass fronts also plainly serves a functional purposes, namely, being able to see into the unit to observe the wine.  A monopoly on wine refrigerators with glass doors and black shelf fronts clearly "would put competitors at a significant non-reputational-related disadvantage."  *TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 32–33 (2001).

Based on the foregoing, Vinotemp's trade dress claims should be dismissed for failure to allege: (1) its claimed trade dress with the requisite specificity; (2) that its alleged product configuration trade dress—which can never be inherently distinctive—has acquired distinctiveness through secondary meaning; and (3) that its alleged trade dress is non-functional.

### III. VINOTEMP'S REQUEST TO AMEND WITH UNSPECIFIED FACTS SHOULD BE DENIED AS FUTILE.

"A plaintiff need not be given leave to amend if it fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in its complaint."  *TechnoMarine S.A. v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014).  Vinotemp conclusorily states that "[it] can easily make truthful amendments to the Counterclaims in order

---

[2] Vinotemp again fumbles its definition of its trade dress in describing the items at issue as "coolers and refrigeration units" (Dkt.#36 at 12), whereas its Counterclaim describes the trade dress as being embodied in "wine storage units ***such as*** a wine rack or a refrigerator." Counterclaim ¶ 14 (emphasis added).

9

to add further facts to support its claims against Wine Enthusiast" (Dkt.#36 at 13), but it does not state what those facts are or how those facts would ameliorate its faulty claims. Further, any further amendment would be futile, as this is Vinotemp's third attempt at stating its Counterclaims following its cease and desist letter and original and now amended Counterclaims. *See TechnoMarine S.A. v. Giftports, Inc.*, 2012 U.S. Dist. LEXIS 130128, at *25 (S.D.N.Y. Sept. 10, 2012) (leave should be denied when amendment would prove futile). Moreover, Vinotemp's design patent claim should be dismissed as a matter of law. Accordingly, Vinotemp's request for leave to amend unspecified facts should be denied.

## CONCLUSION

Based on the foregoing, as well as the arguments set forth in Wine Enthusiast's moving papers, the Court should grant Wine Enthusiast's motion to dismiss Vinotemp's Second and Third Counterclaims for design patent and trade dress infringement.

Dated: New York, New York  
       April 6, 2018

Respectfully submitted,  
COWAN, LIEBOWITZ & LATMAN, P.C.

By:   s/ Eric J. Shimanoff  
Eric J. Shimanoff (ejs@cll.com)  
Mark Montague (mxm@cll.com)  
Joelle A. Milov (jam@cll.com)  
COWAN, LIEBOWITZ & LATMAN, P.C.  
114 West 47th Street  
New York, New York 10036-1525  
(212) 790-9200  
*Attorneys for Plaintiff and Counterclaim Defendant Wine Enthusiast, Inc.*

27722/004/2422443