```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
 WINE ENTHUSIAST, INC.,                  :
                                         :
                         Plaintiff,      :    17cv6782(DLC)
                                         :
             -v-                         :    CORRECTED OPINION
                                         :       AND ORDER
 VINOTEMP INTERNATIONAL CORPORATION,     :
                                         :
                         Defendant.      :
                                         :
---------------------------------------- X
```

APPEARANCES:

For Wine Enthusiast:
Eric J. Shimanoff
Mark Montague
Joelle A. Milov
Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, New York 10036

For Vinotemp:
Michael Hurey
Kleinberg & Lerner, LLP
1875 Century Park, Ste 1150
Los Angeles, CA 90067


DENISE COTE, District Judge:

Faced with an assertion of patent and trade dress infringement claims, Wine Enthusiast, Inc. ("Wine Enthusiast") commenced this declaratory judgment action on September 6, 2017. Defendant Vinotemp International Corporation ("Vinotemp") has responded with three counterclaims. Wine Enthusiast moved to dismiss two of the three counterclaims on March 12. For the

reasons that follow, Wine Enthusiast's motion is granted in part.

BACKGROUND

Wine Enthusiast has moved to dismiss the counterclaims that assert that its wine storage systems infringe Vinotemp's United States Patent No. D711,936 (the "D936 Patent") and Vinotemp's asserted trade dress in a wine storage unit.  The following facts are drawn from the defendant's counterclaims, the patent at issue, and photographs of Wine Enthusiast's competing products submitted by Wine Enthusiast in support of its motion.  Vinotemp has not objected to consideration of those photographs and they illuminate the assertions in the counterclaims and the parties' arguments in their motion papers.[1]  The facts below are construed in favor of Vinotemp.  See Keiler v. Harlequin Enters. Ltd., 751 F.3d 64, 68 (2d Cir. 2014).

Vinotemp designs, manufactures, and sells wine refrigeration and storage units.  Vinotemp owns the D936 Patent, which was issued on August 26, 2014, and which claims the "ornamental design for a black wine rack face, as shown and described" in the patent ("Rack Face").

---

[1] Vinotemp's opposition to Wine Enthusiast's motion relies on and reproduces the images provided by Wine Enthusiast.

Figure 1 of the patent is a "top perspective of a black wine rack face within a wine cabinet[.]"



All but one of the remaining six figures in the patent provide detailed illustrations of the "black wine rack face of [Figure] 1." As demonstrated in those figures, the Rack Face sits flush with the shelf to which it is attached. When looking at the Rack Face from the side, it appears it resembles an upside-down "J."



The Rack Face is thin in comparison to its height. When viewing the Rack Face from above, as in Figures 4 and 6, it appears that it is designed to be a slim cover to the front of the shelf. As

shown in Figure 3, when looking at the Rack Face head-on, it obscures the elements of the shelf behind it.



In its counterclaims, Vinotemp describes its trade dress as follows:

> Vinotemp claims a unique trade dress for wine storage units such as a wine rack or a refrigerator. The storage units have a glass front. There are individual shelves inside the units holding the bottles in a horizontal position, with the bases of the bottles facing outward. Each of the shelves has a black front. The black front is high enough to cover most of the bottom half of each bottle. This arrangement gives the impression the bottles are "floating" within the storage unit.

Wine Enthusiast also manufactures and sells wine storage and refrigeration units and wine racks. Vinotemp asserts that Wine Enthusiast's Evolution series of refrigerators infringe Vinotemp's products. The photographs of the Evolution series, which the parties agree accurately reflect the alleged infringing products, include a photograph of a wine storage unit

with a glass front door and horizontal shelving.  The shelf fronts are visible through the glass doors, as pictured here:



In support of its motion, Wine Enthusiast has also submitted photographs of the shelves that indicate that its shelf fronts do not attach to the sides of the shelf, do not curve over the shelf sides, and do not cover any top part of the shelf to which they are attached.[2]  The shelf fronts are thick: they have a height approximately two times their depth, as pictured below:

---

[2] Vinotemp's opposition to the motion to dismiss its counterclaims generally accepts as true the differences noted by Wine Enthusiast, which are described here.

 

PROCEDURAL HISTORY

On July 31, 2017, Vinotemp sent a letter to Wine Enthusiast alleging that the Evolution Series wine refrigerator units were infringing Vinotemp's D936 Patent and Vinotemp's trade dress. On September 6, Wine Enthusiast filed this action seeking a judgment declaring that it has not infringed Vinotemp's patent or trade dress rights, that Vinotemp lacks any trade dress rights, and that the D936 Patent is invalid.

With its Amended Answer, filed December 13, Vinotemp asserts three counterclaims. In two of the counterclaims, Vinotemp asserts that Wine Enthusiast infringed the D396 Patent and Vinotemp's trade dress rights.[3] The Court held an initial pretrial conference with the parties on December 15. Wine Enthusiast moved to dismiss those two counterclaims on March 12, 2018. The motion became fully submitted on April 6.

---

[3] Vinotemp also claims that Wine Enthusiast's N'FINITY VinoView Display Rack infringes another patent, U.S. Patent No. 7,882,967. Wine Enthusiast has not moved to dismiss that counterclaim.

DISCUSSION

When a party moves to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), a court must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." LaFaro v. N.Y. Cardiothoracic Grp., PLLC, 570 F.3d 471, 475 (2d Cir. 2009) (citation omitted).  The complaint will survive the motion to dismiss as long as it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  Rule 12(b) applies equally to claims, counterclaims, cross-claims and third-party claims, see Fed. R. Civ. P. 12(b), and plaintiff's motion to dismiss defendant's counterclaims are evaluated under these same standards.

I. Design Patent Infringement

"A design patent is directed to the appearance of an article of manufacture." L.A. Gear, Inc. v. Thorn McAn Shoe Co., 988 F.2d 1117, 1123 (Fed. Cir. 1993).  Accordingly, a "design patent, unlike a utility patent, limits protection to the ornamental design of the article." Richardson v. Stanley Works, Inc., 597 F.3d 1288, 1293 (Fed. Cir. 2010).

7

The Federal Circuit "has not required that the trial court attempt to provide a detailed verbal description of the claimed design, as is typically done in the case of utility patents." Egyptian Goddess, Inc. v. Swisa, Inc., 543 F.3d 665, 679 (Fed. Cir. 2008). Rather, "a design is better represented by an illustration than it could be by any description and a description would probably not be intelligible without the illustration." Id. (citation omitted).

"[D]esign patents have almost no scope beyond the precise images shown in the drawings." MRC Innovations, Inc. v. Hunter Mfg., LLP, 747 F.3d 1326, 1333 n.1 (Fed. Cir. 2014) (citation omitted). See also In re Mann, 861 F.2d 1581, 1582 (Fed. Cir. 1988). Thus, when the patent claim is for an ornamental design "as shown and described", the claimed design extends only to the ornaments as depicted in the drawings. See Elmer v. ICC Fabricating, Inc. 67 F.3d 1571, 1577-78 (Fed. Cir. 1995) (applying the "as shown and described" language in a design patent to "limit[] the scope of [a] patent claim").

"In determining whether an accused product infringes a patented design . . . court[s] appl[y] the 'ordinary observer' test . . . ." Crocs, Inc. v. Intl. Trade Com'in, 598 F.3d 1294, 1303 (Fed. Cir. 2010) (citation omitted). When applying the ordinary observer test, a court assesses whether "the claimed

8

design and the accused design will be sufficiently distinct that it will be clear without more that the patentee has not met its burden of proving the two designs would appear substantially the same to the ordinary observer . . . ." Egyptian Goddess, 543 F.3d at 678.  The context in which this comparison is made may be supplied by "the background prior art," which may provide a "frame of reference."  Id. at 677.  Where the ordinary observer would consider the designs substantially similar, the alleged infringer may identify relevant prior art to inform a comparison of the designs.  Id. at 678.  Neither party has identified any relevant prior art for this purpose.  The ordinary observer test "applies to the patented design in its entirety, as it is claimed."  Crocs, 598 F.3d at 1303.  A court applying the test should not concentrate on "minor differences between the patented design and the accused products to prevent a finding of infringement."  Id.

The ordinary observer test is applied "giving such attention as a purchaser usually gives[.]"  Egyptian Goddess, 543 F.3d at 670 (citation omitted).  Further, the analysis is not "limited to those features visible during only one phase or portion of the normal use lifetime of an accused product."  Contessa Food Prods., Inc. v. Conagra, Inc., 282 F.3d 1370, 1380 (Fed. Cir. 2002).  "Instead, the comparison must extend to all ornamental features visible during normal use of the product,

9

i.e., beginning after completion of manufacture or assembly and ending with the ultimate destruction, loss, or disappearance of the article." Id. (citation omitted).

Wine Enthusiast is entitled to dismissal of Vinotemp's claim of patent infringement. No ordinary observer using the Vinotemp's wine rack would think, when considering the patented design features of the Rack Face as a whole and in the normal course of such use, that the Rack Face was substantially similar in design to Wine Enthusiast's shelf front on its wine racks.

It is true that both wine racks have a black front or face, but the D936 Patent is not so limited. It claims protection for a black wine Rack Face with particular design features. A comparison of those features, taken individually and as a whole, with the accused product's features establish, as a matter of law, that the wine racks are not substantially similar designs. The ornamental features of Vinotemp's Wine rack face include its "J" shape at the top, its thinness, and its method of attachment to the shelf. Wine Enthusiast's shelf fronts do not imitate these features. Wine Enthusiast's shelf front has no "J" shape; it has no curves at all. Wine Enthusiast's shelf front is significantly thicker; its ratio of height to depth is approximately two versus Vinotemp's six. Finally, while Vinotemp's Rack Face attaches flush to the wine rack (its sides,

top, and bottom), the shelf front on Wine Enthusiast's wine rack does not.  The Wine Enthusiast shelf front juts out slightly on the sides of the shelf.  It does not attach to the sides of the rack.  It attaches to the rack face with about a quarter of the face siting below the rack.

Figure 5 from the Patent and a photograph of the Wine Enthusiast wine rack illustrate some of these differences, as do Figure 6 from the Patent and another photograph of the Wine Enthusiast shelf front.



FIG. 5





FIG. 6



Vinotemp acknowledges that each of the differences described above exist, but argues that these differences between

11

its Rack Face and Wine Enthusiast's shelf front are minor. While a concentration on small, isolated differences may not distract from the overall impression of the designs, when considering the scope of the D936 Patent, it is apparent that these design differences are not minor.  Indeed, together, these features constitute the entirety of the claimed design except for its color.  Vinotemp does not claim rights simply in the face of a wine rack.

Finally, Vinotemp argues that in both designs the wine rack face is "uniformly visible" and covers the entire front of the wine rack.  But, the D936 Patent, even if valid, does not give Vinotemp monopoly rights over all black structures affixed to the front of wine racks.  It seeks protection for a particular design of a Rack Face.  Vinotemp has not plausibly pled that Wine Enthusiast's shelf front infringes the D936 Patent.

II. Trade Dress Infringement

Vinotemp brings a claim under Section 43(a) of the Lanham Act for trade dress infringement.[4]  Under Section 43 of the Lanham Act:

> Any person who, on or in connection with any goods
> . . . uses in commerce any word, term, name, symbol,
> or device, or any combination thereof, or any false
> designation of origin . . . which . . . is likely to

---

[4] Vinotemp has not registered its claimed trade dress.

> cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.
>
> 15 U.S.C. § 1125(a)(1)(A).

Trademark infringement claims under Section 43(a) of the Lanham Act are analyzed in two stages. Christian Louboutin S.A. v. Yves Saint Laurent Am. Holdings, Inc., 696 F.3d 206, 216 (2d Cir. 2012). First, plaintiff must establish that its mark is entitled to protection. Id. A plaintiff asserting trade dress rights in the design of a product must show that the trade dress is non-functional, has secondary meaning, and is not overbroad or generic. See Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 115-16 (2d Cir. 2001). Second, a plaintiff must plead that the defendant's use of a similar mark is likely to cause consumer confusion.

In any claim of trade dress infringement, the plaintiff must offer "a precise expression of the character and scope of the claimed trade dress." Landscape Forms, Inc. v. Columbia Cascade Co., 113 F.3d 373, 381 (2d Cir.1997). A plaintiff must specify its trade dress by "articulat[ing] the design elements that compose" it. Yurman, 262 F.3d at 116. The "focus on the overall look of a product does not permit a plaintiff to

13

dispense with an articulation of the specific elements which comprise its distinct dress." Landscape, 113 F.3d at 381.  The Second Circuit "exercise[s] particular caution when extending protection to product designs" because "trade dress claims raise a potent risk that relief will impermissibly afford a level of protection that would hamper efforts to market competitive goods." Yurman, 262 F.3d at 114-15 (citation omitted).  Without a precise expression of the trade dress, courts are "unable to evaluate how unique and unexpected the design elements are in the relevant market."  Landscape, 113 F.3d at 381.

Vinotemp's description of its trade dress is recited above. Wine Enthusiast argues that this description is too indefinite, that the articulated trade dress is an unprotectable generic trade dress, that the counterclaim's allegations of secondary meaning are too conclusory, and that there is no explicit pleading that the trade dress is non-functional.  Vinotemp has plausibly alleged a claim of trade dress infringement.  The arguments made to dismiss this claim are more appropriately made in the context of a summary judgment motion or at trial.

14

CONCLUSION

Wine Enthusiast's March 12 motion to dismiss is granted in part.  Vinotemp's counterclaim for patent infringement of U.S. Patent No. D711,936 is dismissed; its counterclaim for trade dress infringement is not.


Dated:     New York, New York
           July 19, 2018

                                    _____
                                            DENISE COTE
                                    United States District Judge