Eric J. Shimanoff (ejs@cll.com)
Mark Montague (mxm@cll.com)
Joelle A. Milov (jam@cll.com)
COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, New York 10036-1525
(212) 790-9200
*Attorneys for Plaintiff and Counterclaim Defendant*
*Wine Enthusiast, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
WINE ENTHUSIAST, INC.,

        Plaintiff and Counterclaim Defendant,

  against

VINOTEMP INTERNATIONAL CORPORATION,

        Defendant and Counterclaim Plaintiff.
----------------------------------------------------------------- x

No. 17 Civ. 6782 (DLC) (HP)

**PLAINTIFF AND COUNTERCLAIM DEFENDANT WINE ENTHUSIAST, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT AND COUNTERCLAIM
PLAINTIFF VINOTEMP INTERNATIONAL CORP.'S COUNTERCLAIMS**

Plaintiff and Counterclaim Defendant Wine Enthusiast, Inc. ("Wine Enthusiast"), by its undersigned attorneys, for its Answer and Affirmative Defenses to Defendant and Counterclaim Plaintiff Vinotemp International Corporation's ("Vinotemp") Counterclaims states as follows:

**NATURE OF THE ACTION**

1. Denies the allegations in Paragraph 1, except admit that Vinotemp purports to allege claims pursuant to 15 U.S.C. §§ 1051 *et seq*. and 35 U.S.C. § 1 *et seq*.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies same.

3. Admits the allegations in Paragraph 3.

27722/004/2480063

## JURISDICTION AND VENUE

4. Denies the allegations in Paragraph 4, except admit that Vinotemp purports to allege claims pursuant to 15 U.S.C. §§ 1051 *et seq.* and 35 U.S.C. § 1 *et seq.*

5. Paragraph 5 states a legal conclusion and therefore does not require a response, but Wine Enthusiast does not deny the Court has subject matter jurisdiction over this action.

6. Paragraph 6 states a legal conclusion and therefore does not require a response, but Wine Enthusiast does not deny the Court has personal jurisdiction over Wine Enthusiast in this action.

7. Paragraph 7 states a legal conclusion and therefore does not require a response, but Wine Enthusiast does not does not dispute venue is properly laid in this District.

## PATENTS-IN-SUIT

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies same, and refers the Court to United States Patent No. 7,882,967 for a complete and accurate statement of its contents.

9. The allegations in Paragraph 9 relates to a claim dismissed by the Court on July 19, 2018, and therefore does not require a response.

10. Part of the allegations in Paragraph 10 relates to a claim dismissed by the Court on July 19, 2018, and therefore does not require a response. To the extent any response is required, and as to the remainder of allegations in Paragraph 10, Wine Enthusiast denies knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

27722/004/2480063

## FACTUAL BACKGROUND

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies same.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies same.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies same.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies same.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies same.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies same.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies same.

18. Admits the allegations in Paragraph 18.

19. Denies the allegations in Paragraph 19.

## FIRST COUNTERCLAIM

**(Infringement of U.S. Patent No. 7,882,967)**

20. Wine Enthusiast repeats and realleges its response to Paragraphs 1 through 19 of the Counterclaims as if fully set forth herein.

21. Denies the allegations in Paragraph 21, and refers the Court to Exhibit C for a complete and accurate statement of its contents.

22. Denies the allegations in Paragraph 22.

23. Denies the allegations in Paragraph 23.

24. Denies the allegations in Paragraph 24.

## SECOND COUNTERCLAIM

### (Infringement of U.S. Patent No. D711, 936)

25. Wine Enthusiast repeats and realleges its response to Paragraphs 1 through 24 of the Counterclaims as if fully set forth herein.

26. The allegation in Paragraph 26 relates to a claim dismissed by the Court on July 19, 2018, and therefore does not require a response.

27. The allegation in Paragraph 27 relates to a claim dismissed by the Court on July 19, 2018, and therefore does not require a response.

28. The allegation in Paragraph 28 relates to a claim dismissed by the Court on July 19, 2018, and therefore does not require a response.

29. The allegation in Paragraph 29 relates to a claim dismissed by the Court on July 19, 2018, and therefore does not require a response.

## THIRD COUNTERCLAIM

### (Federal Unfair Competition and Trade Dress Infringement)

30. Wine Enthusiast repeats and realleges its response to Paragraphs 1 through 29 of the Counterclaims as if fully set forth herein.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore denies same.

32. Denies the allegations in Paragraph 32.

33. Denies the allegations in Paragraph 33.

34. Denies the allegations in Paragraph 34.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and therefore denies same.

36. Denies the allegations in Paragraph 36.

## FIRST AFFIRMATIVE DEFENSE

37. The Counterclaims fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

38. The Counterclaims are barred, in whole or in part, by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

39. The Counterclaims are barred by the doctrine of waiver, consent, and acquiescence.

## FOURTH AFFIRMATIVE DEFENSE

40. The Counterclaims are barred by the doctrine of equitable estoppel.

## FIFTH AFFIRMATIVE DEFENSE

41. Vinotemp failed to take steps to mitigate its damages.

## SIXTH AFFIRMATIVE DEFENSE

42. Wine Enthusiast has not engaged in any act that constitutes direct or indirect infringement of any valid claim of the 967 Patent, either literally or under the doctrine of equivalents.

## SEVENTH AFFIRMATIVE DEFENSE

43. One or more of the claims of the 967 Patent is invalid for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. § 101 *et seq.*, including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

### EIGHTH AFFIRMATIVE DEFENSE

44. Vinotemp's claims for damages for infringement of the 967 Patent are limited pursuant to 35 U.S.C. § 286 and for failure to comply with the marking requirements of 35 U.S.C. § 287 by Vinotemp or any prior owners or licensees of the 967 Patent.

### NINTH AFFIRMATIVE DEFENSE

45. Vinotemp's alleged trade dress is not protectable.

### TENTH AFFIRMATIVE DEFENSE

46. Vinotemp's alleged trade dress is not used to designate the source or origin of Vinotemp products and is not a trademark.

### ELEVENTH AFFIRMATIVE DEFENSE

47. Vinotemp's alleged trade dress lacks secondary meaning for any of the relevant consumers of Vinotemp's wine storage units.

### TWELFTH AFFIRMATIVE DEFENSE

48. Vinotemp's alleged trade dress is functional.

### THIRTEENTH AFFIRMATIVE DEFENSE

49. Wine Enthusiast has not engaged in any act that constitutes Federal Unfair Competition and/or trade dress infringement.

### FOURTEENTH AFFIRMATIVE DEFENSE

50. Vinotemp is not entitled to injunctive relief because any alleged injury to Vinotemp is not immediate and irreparable and Vinotemp has an adequate remedy at law.

27722/004/2480063

## FIFTEENTH AFFIRMATIVE DEFENSE

51.     Each of the purported claims for relief set forth in Vinotemp's Counterclaims is barred, in whole or in part, because Vinotemp's damages, if any, were not caused by Wine Enthusiast.

## JURY TRIAL DEMANDED

52.     Wine Enthusiast demands a jury trial for all claims in the Counterlcaims susceptible to a trial by jury.

**WHEREFORE**, Wine Enthusiast respectfully requests that the Court dismiss Vinotemp's Counterclaims together with an award of attorneys' fees, costs and disbursements and such other and further relief as the Court deems just and proper.

Dated:  New York, New York                              Respectfully submitted,
        August 2, 2018                                  COWAN, LIEBOWITZ & LATMAN, P.C.

                                                        By: _____
                                                        Eric J. Shimanoff (ejs@cll.com)
                                                        Mark Montague (mxm@cll.com)
                                                        Joelle A. Milov (jam@cll.com)
                                                        COWAN, LIEBOWITZ & LATMAN, P.C.
                                                        114 West 47th Street
                                                        New York, New York 10036-1525
                                                        (212) 790-9200
                                                        *Attorneys for Plaintiff and Counterclaim*
                                                        *Defendant Wine Enthusiast, Inc.*

27722/004/2480063