```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
WINE ENTHUSIAST, INC.,              :
                                    :
                    Plaintiff,      :
                                    :     17cv6782(DLC)
         -v-                        :
                                    :     MEMORANDUM OPINION
VINOTEMP INTERNATIONAL CORPORATION, :         AND ORDER
                                    :
                    Defendant.      :
------------------------------------X
```

DENISE COTE, District Judge:

On July 19, 2018, the Court dismissed defendant and counterclaim-plaintiff Vinotemp International Corporation's ("Vinotemp") counterclaim for infringement of United States Patent No. D711,936 (the "D936 Patent"), finding no design patent infringement as a matter of law. On December 14, 2018, plaintiff and counterclaim-defendant Wine Enthusiast, Inc. ("Wine Enthusiast") filed a motion pursuant to Rule 11, Fed. R. Civ. P., seeking sanctions against Vinotemp. That motion became fully submitted on January 18, 2019.

Wine Enthusiast contends that Vinotemp violated Fed. R. Civ. P. 11(b) by asserting a frivolous claim for infringement of a patent that it knew or should have known was invalid. Wine Enthusiast asserts that "recently uncovered evidence" shows that the claimed invention was publicly disclosed more than a year prior to the date of the patent application and the patent is thus invalid.

Fed. R. Civ. P. 11(b) requires that an attorney make an "inquiry reasonable under the circumstances" as to the legal and factual merits of any pleading presented to the court. Vinotemp's counsel has submitted a declaration outlining the inquiry that he undertook.

Fed. R. Civ. P. 11(c)(1) provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction . . . ." "[S]anctions under Rule 11 are discretionary, not mandatory." Ipcon Collections LLC v. Costco Wholesale Corp., 698 F.3d 58, 63 (2d Cir. 2012).

Sanctions are not appropriate at this late stage. Vinotemp's counterclaim was filed on September 6, 2017. An Order of December 21, 2017 directed Wine Enthusiast to serve its invalidity contentions under Local Patent Rule 7 by May 11, 2018. The counterclaim was dismissed on July 19, 2018. Wine Enthusiast first raised the prior public disclosure issue with Vinotemp over three months later, in a letter dated October 31, 2018. "Although Rule 11 contains no explicit time limit for serving the motion, the 'safe harbor' provision functions as a practical time limit, and motions have been disallowed as untimely when filed after a point in the litigation when the lawyer sought to be sanctioned lacked an opportunity to correct or withdraw the challenged submission." In re Pennie & Edmonds

2

LLP, 323 F.3d 86, 89 (2d Cir. 2003). While Wine Enthusiast brings the motion on the basis of "recently discovered evidence," it has not adequately explained why this information was not available to Wine Enthusiast at an earlier stage. It asserts only that it uncovered this evidence during an investigation of Vinotemp's counterclaim for trade dress infringement. As Wine Enthusiast's own submissions indicate, however, the information was publicly available.

Further, the validity of the D936 Patent has not been fully litigated, and a motion for sanctions pursuant to Rule 11 is not the appropriate vehicle for doing so. Accordingly, it is hereby

ORDERED that Wine Enthusiast's motion for sanctions is denied.

Dated: New York, New York
April 1, 2019

_____
DENISE COTE
United States District Judge